[Crim. No. 81. First Appellate District.—March 6, 1907.]

Ex Parte WILLIAM R. VICE, on Habeas Corpus.

HABEAS CORPUS—CRIMINAL LAW—EMBEZZLEMENT—UNLAWFUL COMMITMENT—STATUTE OF LIMITATIONS.—A prisoner who is held to answer upon a criminal charge of embezzlement, which is barred by the statute of limitations of three years after the commission of the offense, is unlawfully imprisoned without reasonable or probable cause, and is entitled to be discharged upon a writ of *habeas corpus*.

ID.—EMBEZZLEMENT BY PASSENGER AGENT OF RAILROAD COMPANY—KNOWLEDGE OF OFFICIALS—DEMAND UNNECESSARY.—Where the de-

fendant as passenger agent of a railroad company embezzled money for the sale of tickets by appropriating the same to his own use, which was known to the officers of the company when he left its employment, no demand for its return was necessary to constitute the offense.

ID.—RESIDENCE IN STATE—ASSUMED NAME—RUNNING OF STATUTE.— Where the defendant resided in this state from the time of the commission of the offense, the fact that he used an assumed name in another part of the state does not constitute any exception to prevent the running of the statute of limitations. He was "an inhabitant of or usually resident within the state," no matter what name he assumed.

WRIT of *habeas corpus* to the Sheriff of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Lewis H. Smith, and R. E. Rhodes, for Petitioner.

George A. Knight, Aylett R. Cotton, and Robert Harrison, for Respondent.

COOPER, P. J.—It is alleged in the petition that the prisoner is unlawfully imprisoned and restrained of his liberty by Thomas F. O'Neil, sheriff of the city and county of San Francisco. The imprisonment is claimed to be unlawful for the alleged reason that the prisoner has been committed and held to answer by a judge of the police court of the said city on a criminal charge of embezzlement without reasonable or probable cause. This is made a ground for discharging a party in *habeas corpus* proceedings. (Pen. Code, sec. 1487, subd. 7.) And a discharge in such case is the rule in the supreme court. (*Ex parte Sternes*, 82 Cal. 245, [23 Pac. 38]; *In re Kennedy*, 144 Cal. 635, [103 Am. St. Rep. 117, 78 Pac. 34].)

The commitment in this case, so far as material here, is as follows: "The People of the State of California to the Sheriff of the City and County of San Francisco: An order having this day been made by me, that William Robert Vice, complained of as W. R. Vice, be held to answer upon a charge of felony, to wit: embezzlement, committed as follows: said William Robert Vice, complained of as W. R. Vice, did in the City and County of San Francisco, State of California, on

or about the 24th day of October, 1906, who on or about the 13th day of April, A. D. 1903, was the Clerk, agent and servant of Union Pacific Railroad Co., a corporation duly organized and existing under and by virtue of the laws of the State of Utah, and doing business in the City and County of San Francisco, and then and there by virtue of his said employment and trust as such clerk, agent and servant on or about the 13th day of April, 1903, there came into the possession, care, custody and control of him the said William Robert Vice, complained of as W. R. Vice, five hundred and eighty-four dollars in lawful money of the United States of America, of the value of five hundred and eighty-four dollars, in lawful money of the United States of America, and the personal property of the said Union Pacific Railroad Co., a corporation as aforesaid, and he, the said William Robert Vice, complained of as W. R. Vice, after the said personal property had come into his possession, care, custody and control, as aforesaid, did, to wit, at said City and County of San Francisco, on or about said 24th day of October, A. D. 1906, willfully, unlawfully, fraudulently and feloniously convert, embezzle and appropriate the same to his own use, contrary to his trust as such clerk, agent and servant; and not in the due and lawful execution of his said trust and employment.

"You are commanded to receive him the said William Robert Vice, complained of as W. R. Vice, in your custody, and detain him until he be legally discharged."

It is provided in the Penal Code (section 800) : "An indictment for any other felony than murder, the embezzlement of public money, or the falsification of public records, must be found, or an information filed, within three years after its commission."

Section 802 provides that if when the offense is committed, "the defendant is out of the state the indictment may be found, or an information filed, within the term herein limited after his coming within the state, and no time during which the defendant is not an inhabitant of, or usually resident within, this state is part of the limitation."

There is no claim that defendant embezzled public money, nor that he was out of the state when the offense was committed. We are clearly of the opinion that unless it was made to appear that the offense was committed within three years prior to the commitment, there was no reasonable or

probable cause for holding the defendant. The evidence taken down before the magistrate is before us, and the facts are not disputed.

It appears that on April 13, 1903, the prisoner was in the employ of the Union Pacific Railroad Company as their passenger agent in the city and county of San Francisco. His duties were the usual duties of a passenger agent, to solicit passenger business, collect money from passengers for tickets, and deliver tickets to them, and to act as the representative of the company generally in handling such business, and has been in such employ since 1890. On the said thirteenth day of April, 1903, he sold as such agent to one Newman certain passenger tickets to be thereafter delivered over the lines of the Union Pacific Railroad, and collected from Newman for said Union Pacific Railroad the sum of $584, which he failed to account for or pay over, but appropriated to his own use. Prior to May 1, 1903, some question arose, and the question was discussed as to Vice giving proper accounts of the moneys received for tickets, and on that day he was discharged, or at least left the employ of the Union Pacific Railroad Company. The officers of said railroad company knew the fact that Vice had collected the money and failed to pay it over about the time he was discharged. After he left the employ of the railroad company he immediately went to Madera, in Madera county, in this state, and has ever since continued to reside in that county under the assumed name of Thomas R. Ryan. He openly resided and attended to business in said county of Madera during all this time, but under said assumed name. On October 24, 1906, demand was made upon Vice by said Union Pacific Railroad Company for said $584, but he has never turned it over or paid it to said company. The complaint was filed in said police court on October 25, 1906, charging the prisoner with the crime of embezzlement.

We are of the opinion that the crime had become barred by the statute before the prisoner was arrested. He embezzled the money when he appropriated it to his own use. It was his duty, as the agent of the railroad company, to pay over and account for the money he received as such agent at the time he received it, or certainly by the 1st of May, 1903, when he left the employ of the company. He could have been arrested as soon as he failed to turn over the money to his employer and appropriated it to his own use. A demand was

not necessary. It is not necessary under any section of the Penal Code to which our attention has been called, and we have found no such section. There are cases in this state where the party charged has held the funds as trustee, or in some official capacity, and the evidence has failed to show any party to whom the defendant could legally turn over the funds, and in such cases it has been held that the crime was not proven. Thus, in *People* v. *Royce,* 106 Cal. 173, [37 Pac. 630, 39 Pac. 524], the defendant was treasurer of the Veterans' Home Association, and deposited the money in a bank to his personal account. It did not appear that he was ever called upon to apply the money to any need of the association, or to make any particular use of it; or to put it in any special place, or that any demand was ever made upon him for the money. It was held that such facts were not sufficient evidence upon which to convict defendant of embezzlement, but the court said, "No doubt embezzlement may be established, under certain circumstances, without proof of a demand, as where other evidence clearly shows an appropriation by an employee of his employer's funds with intent to do so fraudulently and feloniously."

In *People* v. *Page,* 116 Cal. 394, [48 Pac. 326], the defendant was guardian of an insane person, and as such guardian had the right to the money in his custody subject to the orders of the court. He had drawn the money he held in trust from the Savings and Loan Society, but it did not appear what he did with it. The court, in holding the evidence to be insufficient to justify the verdict, said: "So far as appears the defendant at the time of the trial may have still had the money ready to be paid over on demand to anyone authorized to receive it."

The supreme court of Arizona in a late case (*Territory* v. *Munroe* (Ariz.), 85 Pac. 651) expressly hold that a demand is not necessary. The language of the court is: "In our view the offense, which is purely statutory, is complete when the property is fraudulently converted. Refusal to return the property upon demand has always been held to be evidence, and in some cases indispensable evidence of intentional conversion."

In volume 10, American and English Encyclopedia of Law, page 995, second edition, it is said: "Unless the statute thus

requires it a demand is not necessary." (See the cases cited in support of the text in note 5, *Id.*)

It, then, being clear that the crime for which the prisoner was committed is barred by the statute of limitations, was there reasonable or probable cause for holding him to answer? The mandate of the statute is plain that the information *must be filed* within *three years* after the crime has been committed. Is there reasonable or probable cause for holding a defendant in the face of the statute, and under a state of facts which would not justify a conviction? Reasonable or probable cause means such a state of facts as would lead a man of ordinary caution and prudence to believe and conscientiously entertain a strong suspicion that the person accused is guilty. There must be a probability that a crime has been committed by the person named in the commitment, and not only that a crime has been committed but that it is one that has not become barred by the statute of limitations. There certainly would be no justification for a magistrate holding a defendant to answer in a criminal case, and causing the county to incur the expense of a trial in a case where it is plain that there is no probability that defendant can be convicted. This is not a case in which it is uncertain as to whether or not the offense has become barred by the statute. There is no conflict as to when the crime was committed. The evidence shows that the accused does not come within the exceptions named in section 799 or 802 of the Penal Code. It is urged on behalf of the prosecution that because the defendant went under an assumed name after he went to Madera county, that for this reason he was not "an inhabitant of, or usually resident within this state" during such time. We cannot take this view of the matter. He was an inhabitant of the state, and usually resident within it, no matter what name he assumed. The legislature has prescribed the period of limitation for the prosecution of criminal cases. It has named the exceptions in which the case is taken out of the statute. It is not for the courts to legislate or add to the statute. It is the duty of the courts to interpret the law according to its true meaning and intent, even if the consequences are not what could be desired. It is of much greater importance that the

rules and interpretations should be certain, consistent, and applied alike to all, than that some particular case should meet with its just punishment.

Let the prisoner be discharged.

Hall, J., and Kerrigan, J., concurred.