[Crim. No. 81. Third Appellate District.—January 23, 1909.]

In re MICHELE LEONARDINO; on Habeas Corpus.

HABEAS CORPUS—JUDGMENT OF CONVICTION OF VIOLATION OF COUNTY ORDINANCE—SELLING LIQUORS WITHOUT LICENSE—AFFIRMANCE—WHOLESALER.—A defendant convicted in the justice's court having jurisdiction of the offense charged of selling liquors without the license required by a county ordinance, which conviction has been affirmed upon appeal to the superior court, on a statement of the case, cannot be released on *habeas corpus* on the ground that he is a wholesaler, and cannot be convicted under the ordinance, and is not guilty of the offense charged.

ID.—FUNCTION OF WRIT OF HABEAS CORPUS.—The proper function of *habeas corpus* is to determine the legality of one's detention by an inquiry into the question of jurisdiction, and the validity of the process upon its face, and whether anything has transpired since it was issued to render it invalid. It is not designed to retry issues of fact, or to answer the purpose of an appeal, or of reviewing errors committed in the course of a legal trial, or to determine whether the defendant is guilty or not guilty of a crime with which he is charged.

ID.—DISTINCTION BETWEEN COMMITMENT ON PRELIMINARY EXAMINATION AND COMMITMENT AFTER TRIAL.—There is a clear distinction between a commitment by an examining magistrate, and a commitment after trial. In the one case, by statutory regulation it may be inquired upon *habeas corpus* whether the evidence adduced

on a preliminary examination shows probable cause; while upon commitment after trial the writ of *habeas corpus* is powerless to grant any relief.

APPLICATION for a writ of *habeas corpus* to review a judgment of conviction in the justice's court of Yreka Township in Siskiyou County. W. M. Thomas, Justice of the Peace.

The facts are stated in the opinion of the Court.

B. K. Collier, and J. F. Farrahar, for Petitioner.

J. Chas. Jones, for People, Respondent.

BURNETT, J.—Petitioner was charged by a complaint filed in the justice court of Yreka township, Siskiyou county, with having "willfully and unlawfully engaged in and carried on the business of selling spirituous, malt or fermented liquor or wines, without having first taken out and procured the county license" required by a certain ordinance of said Siskiyou county.

The petitioner was regularly tried in said justice court and convicted of the offense charged. He moved for a new trial in said court, which was denied. He then appealed to the superior court upon a statement of the case and the judgment of the justice court was affirmed.

There is no contention that the said complaint does not state facts sufficient to constitute a public offense. The regularity of the proceedings before the justice or the superior court is not called in question. No claim is made that the said ordinance was not properly passed or that it is not within the scope of the legislative power of said board of supervisors.

It is insisted, however, that it "is a police regulation measure and applies, and can be held to apply, solely to the business of retailing wines, liquors and beers at a fixed place of business, such as a saloon or tippling place and does not apply to and does not include the sale or business of selling such articles at wholesale." Petitioner goes one step further and argues that the evidence taken at the trial showed without conflict that he was engaged in the wholesale business, and therefore that he had not violated the provisions of the ordinance. The whole position of petitioner is therefore summed up in the proposition that he was shown to be not guilty of the offense charged in the complaint; and for the

reason that there was an entire failure of proof of his guilt he seeks to be discharged through the medium of the writ of *habeas corpus.*

Assuming that wholesalers are not included within the provisions of said ordinance, the case, then, from petitioner's standpoint is no different in principle from what it would be had he been charged with any other offense known to the law, battery, for instance, regularly tried and convicted, and had petitioned to be discharged on the ground that the evidence showed that he was not guilty. To grant this, however, would be to wrest the writ of *habeas corpus* from its primary purpose and to give it an operation that is not contemplated by the law. Its function is to determine the legality of one's detention by an inquiry into the question of jurisdiction and the validity of the process upon its face, and whether anything has transpired since it was issued to render it invalid. It is not designed to retry issues of fact or to answer the purpose of an appeal. It has been so held by the supreme court in several decisions, among which is *Ex parte Noble,* 96 Cal. 362, [31 Pac. 224], wherein it is said: "Whether the ordinance was published, whether there was proof of publication, and whether the ordinance was properly passed, etc., were mere questions of fact to be passed upon by the trial court; and the writ of *habeas corpus* is not intended as a means of retrying issues of fact, or of reviewing errors alleged to have been committed in the course of a legal trial. If there were any such errors, petitioners had a remedy by appeal to the superior court."

In Church on Habeas Corpus, section 196, it is declared: "The writ of *habeas corpus* was not intended to operate as a writ of review or *certiorari,* and where a relator has been sentenced to imprisonment by a court of competent jurisdiction, a mistake made in the prisoner's age, even where that is a material fact, will not entitle him to have the testimony reviewed by a higher court upon this writ. Errors of evidence, no more than any other errors or irregularities, can be cured by it after indictment found or judgment rendered against the prisoner—so long as they do not affect the question of the jurisdiction of the acting officer or court"; and in section 199 it is said: "The statute of New York running in these words, 'The party brought before such court or officer, on the return of any writ of *habeas corpus,* may deny

any of the material facts set forth in the return, or allege any fact to show either that his imprisonment or detention is unlawful, or that he is entitled to his discharge, which allegations or denials shall be on oath,' etc., was construed by Mr. Justice Cowen in the well-known McLeod case as not intended to give the prisoner the right of a summary trial as to the question of his guilt or innocence; but merely to enable him by evidence *aliunde* the return to dispute the fact of his being detained on the process or proceeding set forth, to impeach it for lack of jurisdiction, or to show that it has ceased to be a lawful cause of detention, from the effect of some subsequent act or event''; and in section 247 the author says: "It is a fundamental error to suppose or assume that an officer granting the writ of *habeas corpus* has the right to try the question whether a prisoner indicted is guilty or not guilty of the crime of which he is charged. The law of *habeas corpus,* both common and statutory, never contemplated that such a trial was to be had. As we have said above, the only way in which this question can be tried is by the intervention of a jury before a proper court.''

There is, however, a clear distinction pointed out, which is recognized in the decisions, between a commitment after trial and the commitment of an examining magistrate. In the latter case the evidence may be reviewed to determine whether there is probable cause, but in the former the writ of *habeas corpus* is powerless to grant any relief. This is made a matter of statutory regulation in this state—section 1487, Penal Code, subdivision 7. By a reference to said section and the preceding one, section 1486, it can be seen that the legislature has not attempted to extend the application of the writ beyond the limit that we have suggested. Here the petitioner is held by virtue of the process issued upon "the final judgment of a competent court of criminal jurisdiction in a case allowed by law"; the jurisdiction of such court has not been exceeded; nothing has taken place since the conviction to entitle petitioner to his discharge; the process is not defective in any manner, and "the person having the custody of petitioner is the person allowed by law to detain him.''

It follows that the writ must be dismissed and the petitioner remanded, and it is so ordered.

Chipman, P. J., and Hart, J., concurred.