[Crim. No. 1703. In Bank.—September 20, 1911.]

## In the Matter of L. ROGERS, on Habeas Corpus.

CRIMINAL LAW—LOTTERY—ARREST UNDER SUFFICIENT COMPLAINT—HABEAS CORPUS.—A person in custody, under a complaint the facts stated in which show the commission of the offense of conducting a lottery, as the same is defined in section 319 of the Penal Code, is not entitled to be discharged on *habeas corpus*, notwithstanding the complaint formally charged him with the violation of the provisions of section 330a of that code (Stats. 1911, p. 951), making it a misdemeanor to keep or maintain any mechanical device upon the result of the operation of which money or other valuable thing is staked or hazarded, and although such latter section may be unconstitutional.

APPLICATION for a Writ of Habeas Corpus directed to the Chief of Police of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Frank J. Murphy, and Charles N. Douglas, for Petitioner.

THE COURT.—The writ was denied at the time the petition was presented, for the following reasons: The prisoner was arrested upon a charge of violating the provisions of a new section of the Penal Code, numbered 330a, enacted April 21, 1911 (Stats. 1911, p. 951), making it a misdemeanor to keep or maintain any mechanical device upon the result of the operation of which money or other valuable thing is staked or hazarded. The complaint upon which he was arrested seems to have been very carefully drawn with a view to showing that in this instance the method of operating the particular machine in question involved no possible risk of loss to the outsider while it compelled the proprietor to part with three cigars for the net value of one. It shows, however, that by putting a price upon the cigars somewhat in excess of their value the operation of the machine would involve some hazard to the customer and in the long run a probable gain to the proprietor over and above the profits of a legitimate business. The law, therefore, in its general operation may be found promotive of sound public policy although in particular instances it may not thwart the benevolent intentions of more altruistic dealers. The serious question presented for consideration is the constitutionality of the act, or rather of those portions of section 330a which are alone applicable to the machine here described and its method of operation, the contention being that they are not embraced in the title of the act, and are consequently invalid.

The material portion of the title reads as follows: "relating to gambling by the use of slot-machine or card-dice or other dice having more than six faces or bases each," and the complaint upon which the prisoner was arrested shows very clearly that his machine has no slot, and has no connection with card-dice or dice of any kind.

Evidently there is here suggested a constitutional question of more or less difficulty, but we have not found it necessary to decide it in disposing of this petition. Conceding for the present the alleged infirmity of the statute of 1911 as applied to other devices than slot machines and dice with more than

six faces, there still remain other and older statutes covering the facts alleged in this complaint. The prisoner's machine, operated as it is manifestly designed to operate, is nothing more nor less than a lottery as defined in section 319 of the Penal Code, and by section 320 every person who contrives, prepares, or sets it up is guilty of a misdemeanor. And, so far as lawfulness of the imprisonment is concerned, it is of no consequence that a violation of section 330a was charged in the complaint, instead of sections 319-320, under which the facts bring the offense.