GARDNER *v.* STATE.

Opinion delivered July 9, 1917.

EMBEZZLEMENT—VARIANCE BETWEEN INDICTMENT AND PROOF.—Proof of the crime of embezzlement as set out in § 1841 of Kirby's Digest, will not sustain an indictment for embezzlement under Kirby's Digest, § 1839; the two statutes prescribe punishment for different offenses.

Appeal from Union Circuit Court; *C. W. Smith,* Judge; reversed.

*Powell & Smead,* for appellant.

1. The court erred in overruling the motion for a continuance. The testimony was material and good cause and due diligence shown.

2.    It was error to overrule the demurrer to the indictment. The names of the owners of the property stolen were not stated.    73 Ark. 33; 109 *Id.* 403; 117 *Id.* 299; 123 *Id.* 519.    The obligation of ownership is essential.

3.    The evidence does not support a material allegation in the indictment, that the funds were gold, silver and paper money.    There must be proof of one of the kinds. 85 Ark. 499; 97 *Id.* 1; 54 *Id.* 611; 71 *Id.* 415; 84 *Id.* 285.

4.    The court erred in the admission of evidence and the State failed to make out a case.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1.    The indictment was good.    Kirby's Digest, § 2231.

2.    The evidence supports the verdict, and there is no variance.    Incompetent evidence is not prejudicial where the facts are otherwise proved.    84 Ark. 16; 103 *Id.* 315, and others.

3.    The proof shows embezzlement.

STATEMENT BY THE COURT.

On the 24th day of March, 1916, J. R. Gardner was indicted for embezzlement.    The body of the indictment is as follows:

"The grand jury of Union County, in the name and by the authority of the State of Arkansas, on oath, accuse the defendant, J. R. Gardner, of the crime of embezzlement, committed as follows:    The said defendant, on the 20th day of March, 1916, in Union County, Arkansas, then and there being the bailee of the heirs of John Cates, deceased, and as such bailee having received from the creditors of said estate $300 in gold, silver and paper money of the value of $300, the property of the said heirs of John Cates, deceased, as aforesaid, and being then and there the bailee of said heirs of John Cates, deceased, unlawfully and feloniously did convert and embezzle to his own use the said above described gold, silver and paper money, of the value of $300, the property of the said heirs of John Cates, deceased, and so the said J. R. Gardner,

the above described money of the value of $300, the property of the said John Cates, deceased, unlawfully and feloniously did steal, take and carry, against the peace and dignity of the State of Arkansas.''

John Cates died intestate in Union County, Arkansas, leaving surviving him his widow, and several children as his sole heirs at law. The defendant Gardner had married one of his daughters, and was appointed administrator of his estate. As such administrator he took charge of the real and personal property belonging to the estate. The personal property and a part of the realty were sold in payment of the debts probated against the estate. The administrator filed his account current showing the assets received by him and the disbursements made by him. After paying the debts and the expenses incident to the administration of the estate, there was found to be a balance in his hands of $409.52. This amount was ordered by the court to be distributed equally among the heirs of John Cates, deceased, and under the order of the probate court, the administrator was directed to pay each heir the sum of $68.25.

The judge of the probate court testified that the defendant told him that he had the money in a bank in Union County and would get it and make the payments as directed by the court; that there was no money in the bank named by the defendant to his credit, and that he again urged the defendant to bring the money into court; that the defendant then told him he had the money at his house and would bring the money into court; that he failed to do this, and upon being brought into court the defendant told him that his wife was sick and that he had given all the money belonging to the estate to Henry Cates, one of the heirs.

It is further shown that the defendant failed to pay the heirs as directed by the order of the probate court, and that he had converted funds belonging to the estate to his own use. He was tried before a jury, which returned a verdict of guilty, and from the judgment of conviction he has prosecuted an appeal to this court.

HART, J., (after stating the facts). It is insisted by counsel for the defendant that there is a variance between the indictment and the proof. In this contention we think counsel is correct. The indictment was framed under section 1839 of Kirby's Digest, which provides in effect that if any carrier or other bailee shall embezzle or convert to his own use money, property, etc., which shall have come into his possession as such bailee, he shall be deemed guilty of larceny and on conviction shall be punished as in cases of larceny. The defendant should have been indicted under section 1841 of Kirby's Digest. The section reads as follows:

"Section 1841. Every executor, administrator or guardian who shall embezzle or fraudulently convert to his own use, or make way with or secrete with intent to embezzle, or fraudulently convert to his own use, any money, goods, rights in action, property, effects or valu-able security of his testator, intestate or ward, shall be deemed guilty of larceny, and on conviction shall be punished as in cases of larceny."

The two sections provide that the offense of embezzlement as described in each section shall be deemed larceny and punished as such, but different classes of offenders are sought to be reached.

Mr. Wharton says: "A trustee is one to whom certain property is given to hold and use for the benefit of a person called a *cestui que trust*. The term, therefore, is more comprehensive than bailee, a bailee being simply the custodian of specific property, and is less comprehensive than that of agent, an agent being employed to acquire as well as to hold." Wharton's Criminal Law (11 ed.), Vol. 2, Par. 1299.

Administrators, executors and guardians are frequently named in statutes as persons who may commit embezzlements of funds intrusted to their care. *State* v. *Adamson* (Ind.), 16 N. E. 181; *State.* v. *Gillis* (Miss.), 24 So. 25, and *People* v. *Page* (Cal.), 48 Pac. 326.

It is evident that the Legislature had in mind the distinction made by Mr. Wharton when it enacted section

1841 of Kirby's Digest. The crime defined in that section of the statute is purely a statutory crime. In order that an indictment for the offense described in the statute be sufficient, the facts should be charged which would bring the case within the terms of the statute. The proof on the part of the State tended to establish the guilt of the defendant under this section of the statute. The indictment, however, failed to charge facts which would bring the case within the terms of the statute. In short, the indictment charged a crime under section 1839 of Kirby's Digest, and the facts shown by the State establish the offense described in section 1841 of Kirby's Digest.

As we have already seen, the Legislature had in mind the punishment of different offenses in these two sections of the statute, and there was a fatal variance between the allegations of the indictment and the proof made in the case.

Therefore the judgment will be reversed and the cause remanded for a new trial.