[Crim. No. 731. Second Appellate District, Division Two.—July 9, 1920.]

## In the Matter of the Application of W. H. HOLDER for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—EMBEZZLEMENT—HABEAS CORPUS—SURPLUSAGE— EFFECT OF FAILURE TO DENY.—In a petition for a writ of *habeas corpus* in which it is alleged, among other things, that the petitioner "is imprisoned, detained, confined and restrained of his liberty" by the sheriff "by virtue of an indictment charging him with embezzlement under section 506 of the Penal Code of the State of California, as amended in 1919, a copy of which is herewith attached and made a part hereof," the words "under section 506 of the Penal Code of the State of California, as amended in 1919" are mere surplusage and at most but an averment of a legal conclusion; and the failure of the sheriff in his return to deny such averment cannot be treated as an admission thereof.

[2] ID.—POSSESSION OF MONEY—APPROPRIATION TO OWN USE—VIOLATION OF TRUST — SUFFICIENCY OF INDICTMENT. — An indictment charging that on or about a given date the accused was a contractor by virtue of a contract entered into with certain named individuals for the erection and construction of a dwelling-house, and he "was then and there by virtue of said contract relation and contractor, entrusted with and there came into the possession, care, custody, and control of him" certain money, the personal property of the persons with whom he entered into such contract, and that he did "unlawfully, fraudulently and felonious convert, embezzle and appropriate" a designated part of said money "to his own use, and to uses and purposes not contemplated by his said contract, contrary to his trust and contract and contractor's relation as such contractor, servant and agent," alleges, substantially, the crime denounced by section 503 of the Penal Code.

[3] ID.—SUFFICIENCY OF INDICTMENT — SURPLUSAGE — DISCHARGE ON HABEAS CORPUS.—Such indictment having stated facts showing the commission of an embezzlement, contrary to the provisions of section 503 of the Penal Code, the accused was not entitled to be discharged on *habeas corpus*, notwithstanding the indictment charged him with a violation of section 506 of said code.

PROCEEDING on Habeas Corpus to secure the discharge of a person arrested under an indictment for embezzlement. Writ discharged and prisoner remanded.

The facts are stated in the opinion of the court.

M. G. Phillips for Petitioner.

Thomas Lee Woolwine, District Attorney, and A. H. Van Cott for Respondent.

THOMAS, J.—This is an application for a writ of *habeas corpus*. The petition alleges, among other things, "that W. H. Holder is imprisoned, detained, confined and restrained of his liberty" by the sheriff of Los Angeles County "by virtue of an indictment charging him with embezzlement *under section 506 of the Penal Code of the State of California, as amended in 1919,* a copy of which indictment is herewith attached and made a part hereof." (Italics ours.)

The indictment is in two counts, identical in form, but relating to separate offenses of the same class. For our present purposes we quote the preamble to the indictment and the first count only, which are as follows: "W. H. Holder is accused by the Grand Jury of the County of Los Angeles, State of California, by this indictment of the crime of embezzlement, a felony, committed at and in the county of Los Angeles, State of California, and before the finding of this indictment, as follows, to wit: That the said W. H. Holder, on or about the 17th day of November, 1919, at and in the County of Los Angeles, State of California, was then and there a contractor by virtue of a contract entered into by and between Harry Scholl and Alva M. Scholl, and the said W. H. Holder for the erection and construction of a dwelling house, and was then and there by virtue of said contract relation and contractor, entrusted with and there came into the possession, care, custody and control of him, the said W. H. Holder, money of the value of Two Thousand dollars ($2,000.00) lawful money of the United States, of the value of Two Thousand dollars ($2,000.00) in gold coin of the United States, and of the personal property of the said Harry Edward Scholl and Alva M. Scholl. And he, the said W. H. Holder, after the said money had come into his possession, care, custody and control, as aforesaid, did then and there, to wit: on or about the 17th day of November, 1919, at and in the county of Los Angeles, State of California, unlawfully, fraudulently and feloniously convert, embezzle and appropriate Fifteen Hundred dollars, ($1500.00) of the said Two Thousand dollars ($2,000.00)

to his own use, and to uses and purposes not contemplated by his said contract, contrary to his trust and contract and contractor's relation as such contractor, servant and agent of the said Harry Edward Scholl and Alva M. Scholl.'' The writ was issued and made returnable before this court, and on the return day the sheriff of said county filed his return, which, in words and figures, is as follows: ''I, John C. Cline, Sheriff of the County of Los Angeles, State of California, in obedience to the order contained in the within Writ, do hereby return to the Honorable District Court of Appeal, in and for the Second District of the State of California, that before the coming to me of the within writ, the said W. H. Holder was arrested and held on a grand jury indictment, nevertheless, I have the body of the said defendant before you at the time and place mentioned.'' On the issues thus presented, the respective parties presented their arguments, and the cause was submitted. It was admitted at the time of argument that the ''indictment'' referred to in the sheriff's return was the same ''indictment'' referred to in and made a part of petitioner's application for the writ.

[1] It is contended by petitioner that the italicized portion of the first paragraph of this opinion is admitted by a failure to deny the same on the part of respondent; also that said section 506 is unconstitutional, and that, therefore, the restraint is illegal and void. The first question, perhaps, that should be decided by us is, therefore: ''Does such failure to deny the statement italicized by us admit the truth thereof? It is our opinion that the portion referred to is mere surplusage, and, hence, redundant and immaterial, being at most but an averment of a legal conclusion. We think that a failure to deny such an averment cannot be treated as an admission thereof. (31 Cyc. 90; *Gates* v. *Salmon,* 46 Cal. 361, 379; *McCaughey* v. *Schuette,* 117 Cal. 223, [59 Am. St. Rep. 176, 46 Pac. 666, 48 Pac. 1088].) It follows from this reasoning, therefore, that for our present purposes we are concerned, not with the question whether section 506 of the Penal Code as amended (Stats. 1919, p. 1090) is or is not constitutional, but, rather, in ascertaining from an examination of the allegations of fact in the indictment itself whether any public offense is charged, and, if so, what that offense is. We cannot con-

cern ourselves as to what the ultimate proof may be.  (*Re Kennedy,* 144 Cal. 634, [103 Am. St. Rep. 117, 1 Ann. Cas. 840, 67 L. R. A. 406, 78 Pac. 34]; *People* v. *Goodrich,* 142 Cal. 216, [75 Pac. 796]; *Re Leonardino,* 9 Cal. App. 690, [100 Pac. 708]; *Ex parte Ruef,* 150 Cal. 665, [89 Pac. 605].)

[2]  Section 503 of the Penal Code defines embezzlement as follows: ''Embezzlement is the fraudulent appropriation of property by a person to whom it has been entrusted.'' Viewed in the light of this section, we think the indictment, under which petitioner was arrested and by virtue of which he is held by the sheriff as aforesaid, sets forth the essential elements of embezzlement, which, as we understand them to be, are:  (1) The fiduciary relation arising where one entrusts property to another; and (2) the fraudulent appropriation of the property by the latter.  We think, too, that notwithstanding the surplusage contained in the indictment, it alleges, substantially, the crime denounced by section 503. Petitioner is distinctly charged with having received the money for and on account of the Scholls, and with having feloniously embezzled and converted it to his own use, and not in the due and lawful execution of his trust.  [3]  For the reasons stated in the *Matter of Rogers,* 160 Cal. 764, [118 Pac. 242], it is of no consequence to petitioner that a violation of section 506 of the Penal Code was charged in the indictment, instead of section 503, *supra,* under which the facts bring the offense.  The case is within the doctrine enunciated in *Re Avdalas,* 10 Cal. App. 507, [102 Pac. 674], a *habeas corpus* proceeding, where, contrary to the contention of petitioner here, the court holds that ''the writ of *habeas corpus* cannot be made to serve the office of a demurrer . . . and will not lie when the court has jurisdiction of the kind of offense charged, and there is an attempt, however defective, and however subject to a demurrer, to state a public offense, and the facts alleged squint at a substantive statement of such offense.''

The writ is discharged and the prisoner remanded.

Finlayson, P. J., and Weller, J., concurred.