PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* FERNANDO TORRES, Defendant and Appellant.

No. 2563. Argued June 26, 1925.—Decided July 30, 1925.

1. EMBEZZLEMENT—INFORMATION.—Even when an information is vague and is silent as to the exact date on which the defendant came into possession of the money alleged to have been appropriated by him, such information is sufficient that it was at a time previous to the appropriation, especially in the absence of a plea of limitation.

2. ID.—ID.—JURISDICTION.—An information wherein the acts charged against the defendant are described as committed within a certain judicial district is sufficient to give jurisdiction to the said court.

Second District Court of San Juan, M. Rodríguez Serra, J. Judgment of conviction for embezzlement. *Affirmed.*

*Juan B. Soto* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant in his supplemental brief says that the essential part of the information is contained in the following words:

"That on or about the before-mentioned date (September, 1920) the defendant Fernando Torres, in the judicial district of San Juan, Porto Rico, unlawfully and fraudulently took and applied to his own use the sum of $300 belonging to the People of Porto Rico, which amount had been collected by the defendant from Behn Bros., Inc., a corporation, under authority conferred upon him by the treasurer of said board."

The words might be more carefully selected, but they show, in a way that no ordinary man could fail to understand, that the defendant had recovered a sum of money from Behn Brothers under the authority conferred on him by The People of Porto Rico. The nature of this authority had previously been set forth in the information. Hence

we have no question that the agency or trusteeship was sufficiently described. Likewise, that on or about September 20th the defendant was in legal possession of money belonging to The People of Porto Rico recovered by him.

The agency and the legal possession being premised as existing on a certain date, the remaining question is whether a sufficient conversion is described in the information. Here we think the words to describe such conversion were badly expressed, but again we have no question that they sufficiently apprised defendant that he was charged with having converted to his own use money belonging to The People of Porto Rico. The words are *"sustrajo"* ("took," generally in the sense of taking from another) and applied in his own benefit (*"y aplicó en su propio beneficio"*). Having told defendant that he was charged with the possession of money belonging to the People of Porto Rico, the information also tells him that he applied it to his own use. The word *"sustrajo,"* while generally meaning to take from another, could readily, in familiar language, be understood to mean to take in any sense. "For his own use" are words of a very informative nature. Hence we find it unnecessary to discuss the similarities or differences between the *Kent Case,* 10 P.R.R. 325, and the *Page Case,* 116 Cal. 386, although we are inclined to support the former.

[1] We shall also run the risk of deciding that even if an information is vague or silent as to the exact time at which the defendant came into possession of the money, such information is sufficient that it was of a time previous to the conversion as appears from the last part of the information, especially in the absence of a plea of limitation.

We think the court carefully explained to the jury the difference between larceny and embezzlement and we agree with the *fiscal* that the instructions should be considered in their totality.

The third and fifth assignments of error are covered in the foregoing discussion.

[2] The fourth assignment relates to the venue in the complaint. It said that the acts were committed within the Judicial District of San Juan, without specification of the particular place within the district. However, to describe the acts as happening within the judicial district is. all the law requires.

The judgment appealed from must be affirmed.