[Crim. No. 1472. First Appellate District, Division Two.—November 7, 1928.]

In the Matter of the Application of NAT CORDISH et al. for a Writ of Habeas Corpus.

Phillips & Kendall and G. C. Ringole for Petitioners.

Matthew Brady, District Attorney, August L. Fourtner, Assistant District Attorney, J. M. Friedlander, Commissioner of Corporations, Vernon S. Gray, Deputy Commis-

sioner of Corporations, Louis Ferrari and Leo A. Cunningham for Respondent.

Orrick, Palmer & Dalquist, Heller, Ehrman, White & McAuliff, Loeb, Walker & Loeb, Elliot M. Epsteen and Roy E. Nimmo, as *Amici Curiae.*

STURTEVANT, J.—This is an application for a writ of *habeas corpus.* From the sheriff's return it appears that that officer held the petitioners under an order of the police court of San Francisco holding the petitioners to answer upon a charge of felony and committing the petitioners to the custody of the sheriff until they be legally discharged. To the sheriff's return the petitioners did not interpose any answer of any kind or nature. (Pen. Code, sec. 1484.)

█ In their brief the petitioners concede that the complaint on file in the police court was an attempt "to charge said petitioners with a violation of section 14 of the Corporate Securities Act." (1 Deering's Gen. Laws 1923, Act 3814, pp. 1399, 1407.) If so, the complaint may not be attacked in this proceeding. (*Ex parte Ruef,* 150 Cal. 665 [89 Pac. 605].) █ They make a meticulous attack on the evidence taken in the police court and contend that the evidence was insufficient to support the order holding the petitioners to answer. On the record as made, the evidence taken in the police court is not properly before this court and we are not at liberty to consult it. (Pen. Code, sec. 1484.) If, however, we pick up that evidence and examine it we are unable to grant the application of the petitioners. Bearing in mind that this is an application for a writ of *habeas corpus,* an attack on the evidence taken before the committing magistrate does not authorize this court to weigh the evidence. That function will be exercised by a jury at the proper time. (*In re Leonardino,* 9 Cal. App. 690, 693 [100 Pac. 708].) In this proceeding the power of this court is to ascertain whether the petitioners were held to answer "without reasonable or probable cause." (Pen. Code, sec. 1487, subd. 7.) If there was either reasonable or probable cause the petition should be denied. There are many reasons why it is unnecessary, and, indeed, improper, to recite and comment on the evidence taken before the committing magistrate. As stated above our power is not to weigh that evidence. Further-

more, in this case, as in most cases, the prosecution produced some evidence, but we may not assume that it produced all of its evidence, and the defendants produced no evidence and we may not assume that they had none to produce. Finally, if we knew that all of the plaintiff's evidence in the case had been produced, it would be improper for us to express our opinions when, as stated above, a jury will hereafter pass on the weight of the evidence. It will suffice for us to state that we have examined the evidence and that we find there was reasonable and probable cause for holding the petitioners to answer before the superior court.

The writ is denied and the petitioners are remanded to the custody of the sheriff.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 5, 1928, and petitioner's application to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 24, 1928.

All the Justices concurred.