[Crim. No. 268. Fourth Appellate District.—June 4, 1934.]

In the Matter of the Application of ARTHUR LABAUT MESQUITA for a Writ of Habeas Corpus.

Ben J. Howrey for Petitioner.

Thomas Whelan, District Attorney, and Victor C. Winnek and Frank P. Buckley, Deputies District Attorney, for Respondent.

MARKS, J.—This is an original application for a writ of *habeas corpus* brought in this court seeking the discharge

of petitioner upon the ground that the evidence produced at his preliminary examination did not show reasonable or probable cause that a crime had been committed by him.

The petitioner was held to answer by the committing magistrate for the crime of burglary alleged to have been committed in the city of San Diego on the sixth day of August, 1933.

█ Petitioner cites and relies upon numerous authorities which hold that mere possession of stolen property by the accused is not sufficient evidence that the property was stolen to support a conviction by a jury. These cases, while announcing a sound principle of law, are not authority here, as we are not testing the sufficiency of the evidence to support a conviction, but the sufficiency of the evidence to support his being held for trial in the superior court, which only requires evidence showing reasonable or probable cause for his detention. In *Ex parte Vice,* 5 Cal. App. 153 [89 Pac. 983], it is said: "Reasonable or probable cause means such a state of facts as would lead a man of ordinary caution and prudence to believe and conscientiously entertain a strong suspicion that the person accused is guilty. There must be a probability that a crime has been committed by the person named in the commitment."

The rules governing us in this proceeding are laid down in *In re Cordish,* 94 Cal. App. 680 [271 Pac. 784], as follows: "If, however, we pick up that evidence and examine it we are unable to grant the application of the petitioners. Bearing in mind that this is an application for a writ of *habeas corpus,* an attack on the evidence taken before the committing magistrate does not authorize this court to weigh the evidence. That function will be exercised by a jury at the proper time. (*In re Leonardino,* 9 Cal. App. 690, 693 [100 Pac. 708].) In this proceeding the power of this court is to ascertain whether the petitioners were held to answer 'without reasonable or probable cause'. (Pen. Code, sec. 1487, subd. 7.) If there was either reasonable or probable cause the petition should be denied. There are many reasons why it is unnecessary, and, indeed, improper, to recite and comment on the evidence taken before the committing magistrate. As stated above our power is not to weigh that evidence. Furthermore, in this case, as in most

cases, the prosecution produced some evidence, but we may not assume that it produced all of its evidence, and the defendants produced no evidence and we may not assume that they had none to produce. Finally, if we knew that all of the plaintiff's evidence in the case had been produced, it would be improper for us to express our opinions when, as stated above, a jury will hereafter pass on the weight of the evidence.''

 We have examined the evidence taken before the committing magistrate and are satisfied that it was sufficient to show that there was reasonable or probable cause to believe that the petitioner committed the crime for which he was held to answer. The case of *In re Taylor*, 66 Cal. App. 252 [225 Pac. 865], cited by petitioner, is not authority to the contrary.

The writ is denied and the petitioner is remanded to the custody of the sheriff of San Diego County.

Barnard, P. J., and Jennings, J., concurred.