[Crim. No. 75. Third Appellate District.—June 23, 1908.]

## Ex Parte JESSE HEACOCK, on Habeas Corpus.

HABEAS CORPUS—PROBABLE CAUSE FOR COMMITMENT—CHARGE OF MURDER.—Though it is made by statute a ground for the discharge of a prisoner if he is committed without probable cause; yet if it cannot be said, in case of a defendant who is held to answer on a charge of murder, that the evidence taken before the magistrate failed to establish probable cause, a writ of *habeas corpus* applied for by him must be dismissed, and the prisoner discharged.

ID.—SUFFICIENCY OF EVIDENCE.—It is sufficient that there is evidence of facts and circumstances surrounding the occurrence which have probative force enough to justify the magistrate in holding the defendant to answer to the charge made against him.

ID.—Meaning of "Probable Cause."—The meaning of the term "probable cause" is that there is a probability that the crime charged has been committed by the accused. The facts stated upon oath before the committing magistrate must induce a reasonable probability that the acts have been done which constitute the offense charged.

APPLICATION for writ of *habeas corpus* to the Sheriff of Mendocino County.

The facts are stated in the opinion of the court.

Louis Gonsalves, Weldon & Held, Thomas, Pemberton & Thomas, and C. E. McLaughlin, for Petitioner.

CHIPMAN, P. J.—The petition shows that petitioner is held by the sheriff of Mendocino county by virtue of "a commitment and an order and warrant of commitment made by a justice of the peace of Ten Mile River Township in said county purporting upon its face to hold this petitioner to answer upon the charge of murder." It is averred that petitioner "has been committed on said criminal charge without reasonable or probable cause . . . which will more fully appear from a complete transcript of the evidence and the testimony taken at the examination before said justice of the peace as a committing magistrate, which is hereunto annexed, hereby referred to and made a part hereof."

It is made by statute a ground of discharge "where a party has been committed on a criminal charge without reasonable or probable cause." (Pen. Code, sec. 1487, subd. 7; *Ex parte Sternes*, 82 Cal. 245, [23 Pac. 38].) The term "probable" has been defined to mean "having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt." (*Bain* v. *State*, 74 Ala. 38 [citing Webster's Dictionary].) The meaning of the expression "probable cause," as used in the federal constitution, referring to the issuance of warrants, is that there is a probability that a crime has been committed by the person named in the warrant. The facts which are stated upon oath before the court or magistrate must induce a reasonable probability that all the acts have been done which constitute the offense charged. (*United States* v. *Boling*, 24 Fed. Cas. 1189, 1192, [No. 14,622].)

There was evidence that deceased met his death in a dwelling-house occupied by him and by defendant and his wife at some time between 7 o'clock and 9 o'clock P. M. of May 4, 1908. The deceased was a laborer in a lumber camp, and had been working that day. He made some purchases at a store about 7 o'clock, and on his way to his lodging-house took two drinks of beer at a saloon and bought a small can of beer and took it away with him. He was next, about 9 o'clock, found dead, lying on his face, in a room on the ground floor which opened by a door into a hall in which was a stairway leading to the second story. When the body of deceased was first seen by a neighbor who went into the room where it lay, defendant stated that deceased "had fallen downstairs and hit his head on the lounge." There was evidence of facts and circumstances surrounding the occurrence, brought out at the preliminary hearing, which we think were of sufficient probative force to justify the magistrate in holding defendant to answer the charge made against him. There was some evidence tending to show that it was not reasonably probable that deceased met his death by the accident to which defendant attributed it, and that defendant was in some way connected with the death of deceased. Though perhaps insufficient to warrant conviction, we cannot say that the evidence failed to establish probable cause.

The writ is discharged and the prisoner remanded.

Hart, J., and Burnett, J., concurred.