[No. 2234]

## IN THE MATTER OF THE APPLICATION OF STANLEY MOLINO FOR A WRIT OF HABEAS CORPUS.

[157 Pac. 1012]

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—EVIDENCE.

It is not required upon preliminary examination, in order to warrant a magistrate in holding the accused to answer, that the evidence taken as a whole be sufficient to warrant a jury in reaching a conclusion of the guilt of the accused beyond a reasonable doubt.

2. HABEAS CORPUS—SCOPE OF INQUIRY—EXAMINATION OF WITNESS.

In a *habeas corpus* proceeding, it is not the province of the supreme court to determine to what extent the direct evidence of the witness given before the examining magistrate was weakened or modified by the cross-examination, since that was the province of the examining magistrate.

3. CRIMINAL LAW—WEIGHT OF EVIDENCE.

Where testimony of a witness given upon cross-examination modifies, varies, or conflicts with the testimony given upon direct examination, it is the province of the magistrate, the court, or the jury, as the case may be, to determine the truth of the witness's testimony from the entire examination.

4. CRIMINAL LAW—PRELIMINARY EXAMINATION—EVIDENCE.

Where it appeared that the accused, charged with assault with a deadly weapon, was carrying a pistol and a belt filled with cartridges for the purpose of protecting himself and certain live stock against a possible attack by rabid coyotes, for the purposes of preliminary examination, the magistrate would be justified in acting upon the probability that the accused would not be carrying an unloaded pistol for such purpose.

ORIGINAL PROCEEDING. Application by Stanley Molino for a writ of *habeas corpus*. **Writ denied.**

*R. M. Hardy,* for Petitioner:

The writ should be granted and perpetuated and the petitioner discharged. There is no testimony or other evidence in the record to establish any probability that petitioner committed the crime alleged, or any crime, or that a crime was committed. The cross-examination of the only witness tending to connect petitioner with the alleged crime shows that her statements were merely surmises. The object of cross-examination is to weaken or disprove the case of one's adversary. (40 Cyc. 2477;

*Ferguson* v. *Rutherford,* 7 Nev. 386; *Jackson* v. *Feather River W. Co.,* 14 Cal. 18.)

The evidence offered by a witness should be taken as a whole. If his examination in chief tends to establish a fact, and his answers on cross-examination absolutely disprove and deny the possible truth or probability of his original statements of fact, his testimony should be treated as a nullity. (12 Cyc. 983.)

In order to establish reasonable or probable cause in this case, it is necessary to base an inference or conclusion upon another inference or conclusion, or upon a series of them. This is contrary to established rule. (*Chicago R. R. Co.* v. *Rhoades,* 63 Pac. 59.)

The evidence offered by the defendant in a preliminary hearing is to be given some weight, even though scrutinized according to the rules of evidence. (*Ryan* v. *Territory,* 100 Pac. 770.)

All the essential elements of the crime must be proven. (Underhill on Criminal Evidence, 354; *State* v. *Eschbach,* 34 Pac. 179; *State* v. *Napper,* 6 Nev. 113.)

*Geo. B. Thatcher,* Attorney-General, and *J. A. Sanders,* District Attorney, for Respondent:

A jurisdictional question is not raised by the petition. The statute enumerates the grounds upon which discharge may be had upon *habeas corpus.* (Rev. Laws, 6245.) If the lower court had jurisdiction, you cannot go behind its judgment.

The writ of *habeas corpus* is not intended for the correction of errors or mere irregularities, and cannot be substituted for an appeal or writ of error. (*Ex Parte Talley,* 112 Pac. 36.)

By the Court, Norcross, C. J.:

This is an original proceeding in *habeas corpus.* By stipulation of respective counsel the matter was heard upon the petition and the demurrer thereto. The petition alleges that petitioner is unlawfully held and restrained of his liberty by the sheriff of Humboldt County. Upon

a commitment of the justice of the peace of Lovelock township, petitioner was held to answer to the crime of an assault with a deadly weapon with intent to do bodily injury to one P. H. Wolf, alleged to have been committed on the 17th day of April, 1916. It is the contention of petitioner that he was held to answer without reasonable or probable cause.

From the petition it appears that prior to the filing of the petition in this court a similar petition was presented to the Sixth judicial district court in and for Humboldt County on the 8th day of May, 1916, and after hearing upon the return to the writ, the application for petitioner's discharge was denied.

It is conceded by counsel for petitioner that the direct testimony of the witness for the state, Mrs. A. M. Anderson, taken alone was sufficient to establish reasonable and probable cause. It is contended, however, that the testimony of this witness was so modified upon cross-examination as to destroy the probative effect of her testimony given upon direct examination.

In *Re Kelly*, 28 Nev. 499, 83 Pac. 226, this court said:

"We are not called upon on this hearing to pass upon the sufficiency of this evidence to warrant the conviction of the defendant, and upon that question express no opinion. In this connection it is proper to observe that a magistrate, in holding a defendant to answer for a crime, is not required to have submitted evidence sufficient to establish the guilt of the person charged beyond a reasonable doubt. As was said in a recent decision (*In Re Mitchell*, 1 Cal. App. 396, 82 Pac. 347): 'In order to hold defendant and put him on his trial, the committing magistrate is not required to find evidence sufficient to warrant a conviction. All that is required is that there be a sufficient legal evidence to make it appear that "a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof." ' "

See, also, *In Re Oxley and Mulvaney*, 38 Nev. 385, 149 Pac. 992.

1. The attorney-general in his oral argument upon the hearing of this case stated, in effect, that in his opinion the evidence taken as a whole would not warrant a jury in reaching a conclusion of the guilt of the petitioner beyond a reasonable doubt. However, the correctness of his contention must be conceded that such a degree of proof is not required upon a preliminary examination to warrant the magistrate in holding a defendant to answer. (*In Re Oxley and Mulvaney, supra; Ex Parte Heacock,* 8 Cal. App. 420, 97 Pac. 77.)

2, 3. While it is said in Cyc.: "The object of cross-examination is to weaken or disprove the case of one's adversary" (40 Cyc. 2477, C)—it is the province of the magistrate to consider the testimony as a whole and to give it such weight as in his judgment he thinks it is entitled to. It was the province of the magistrate and not the province of this court to determine to what extent the direct evidence of the witness was weakened or modified by the cross-examination. We know of no authorities holding, and we have not been cited to any such, as an invariable rule that the testimony of the witness given upon cross-examination must be accepted. Where modifying, varying, or conflicting with the testimony given upon direct examination it is the province of the magistrate, the court, or the jury, as the case may be, to determine the truth of the witness's testimony from the entire examination.

It cannot be said, we think, that the testimony of the witness, Mrs. A. M. Anderson, is not without some corroboration. From the transcript of the proceedings we quote the following from the testimony of the witness Miss McIntyre:

"Q. Miss McIntyre, you do not know who fired that shot, do you? A. I knew that one of the two men did it. I do not know which one."

There was evidence tending to show that petitioner had on his person at the time an automatic pistol, and that his companion was not armed.

4. It is contended that there is no proof that the

pistol carried by petitioner was loaded, and that if not loaded it could not constitute a deadly weapon. It is in proof that the petitioner not only was carrying the pistol, but also a belt filled with cartridges, and that he was going thus armed for the purpose of protecting himself and certain live stock against a possible attack by rabid coyotes. For the purpose of a preliminary examination the magistrate would be justified in acting upon the probability that the petitioner would not be carrying an unloaded pistol for such purpose.

It may be conceded that the evidence taken before the magistrate is far from conclusive, but we cannot say that the evidence as a whole is insufficient to make out a case of reasonable or probable cause. If the district attorney should be convinced that proof cannot be submitted to satisfy a jury of the guilt of the defendant of the crime charged beyond a reasonable doubt, it may be assumed that he will take a course consistent with the duty which he owes both to the state and to the defendant.

The application for the writ is denied.

McCARRAN, J.: I concur.

COLEMAN, J., did not participate in this case.