[No. 2247]

IN THE MATTER OF THE APPLICATION OF PHIL A. WILLIAMS AND JAMES E. LATHROP FOR A WRIT OF HABEAS CORPUS.

[159 Pac. 518]

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — SUFFICIENCY OF EVIDENCE.
    Testimony on a preliminary hearing for larceny from the person, *held*, in *habeas corpus* proceedings, not to make reasonable or probable that the crime was committed by accused so as to constitute the sufficient cause necessary under Rev. Laws, 6987, for holding them to answer.

ORIGINAL PROCEEDING. Application for writ of *habeas corpus* by Phil A. Williams and another. **Writ granted,** and petitioners discharged.

*R. M. Hardy,* for Petitioners:

The petitioners should be discharged. There is absolutely no justification for the holding of defendant Williams, and nothing except suspicion upon which to hold Lathrop. The testimony taken and received at the preliminary hearing does not show, or tend to show, that petitioners committed the offense charged, or any public offense whatsoever; it does not show, or tend to show, that they committed any offense lesser than, or contained within, the offense charged, or which might be a part of the offense charged. There was a total and entire failure on the part of the state to adduce proof at the preliminary hearing, or to show sufficient cause, or any cause, to believe that the offense of larceny was committed at the time and place mentioned in the complaint, or at all, or that the petitioners were guilty

thereof. The case comes within the rule of failure to show reasonable or probable cause.

*J. E. Powell,* District Attorney, and *E. T. Patrick,* Deputy Attorney-General, for Respondent:

There is no question of law raised in this case. There can be only an application of the rules to the evidence as disclosed at the preliminary examination. It is not a question of whether the testimony shows that there is sufficient evidence to convict, or even whether there is sufficient to support a judgment in case a conviction can be had. But the question is merely whether it appears to the committing magistrate that a crime has been committed, and whether there is reasonable cause to believe the petitioners guilty. (Rev. Laws, 6987; *Ex Parte Heacock,* 8 Cal. App. 420; *Ex Parte Molino,* 39 Nev. 360.)

By the Court, McCARRAN, J.:

This is an original proceeding in *habeas corpus.* By the petition it appears that one Phil A. Williams and one John E. Lathrop were charged before the justice of the peace of Lake township, Humboldt County, with the crime of larceny from the person under circumstances not amounting to robbery. A preliminary examination was held, and the testimony in its entirety, as given and had at that examination, is made a part of the petition here.

The sole ground upon which petitioner relies for the release of the parties restrained of their liberty is that the evidence fails to establish reasonable or probable cause for the holding or detaining or restraining of the parties. In the recent case of *Ex Parte Molino,* 39 Nev. 360, 157 Pac. 1012, we said:

"It is not required upon a preliminary examination, in order to warrant a magistrate in holding the accused to answer, that the evidence taken as a whole be sufficient to warrant a jury in reaching a conclusion of the guilt of the accused beyond a reasonable doubt."

In the matter at bar, however, we find nothing, even in the strongest evidence produced for the state, upon which reasonable or probable cause could be supported. The testimony of the complaining witness is perhaps the most direct; and yet at no place in his evidence do we find anything that would warrant the holding of the parties whose release is sought.

It appears that on the night on which the alleged offense was committed, the complaining witness had been drinking to a considerable extent. At the solicitation of Lathrop he went to the saloon conducted by the petitioner Williams. It appears that there they entered into a game of matching coin, and some money was exchanged. While there, the complaining witness exchanged coats with Lathrop; and his testimony in that respect is as follows:

"Well, he said, 'Dutch, let's change coats,' and he tried to pull it off, but I let him have my coat, and at the same time he took my coat and put it on, and he was quick; he flopped this pocketbook over the bar, but I saw him.

"Q. And where was that pocketbook before he flopped it over the bar? A. In my coat.

"Q. In your right-hand pocket, the one you have previously described? A. Yes; I don't know whether the money lost out by being flopped over the bar or not, but I said to Williams, 'You come through with this pocketbook right away,' and he reached down and gave me this pocketbook back, and I put it in my pocket, and I didn't look at it, but I think I went over to Charlie Arobio's.

"Q. Did you examine the pocketbook after the defendant Phil Williams handed it back to you? A. No.

"Q. About how long was it after the defendant Lathrop tossed it over the bar before the defendant Phil Williams handed you back the pocketbook? A. Oh, maybe I could count to five or maybe to ten. He dropped it over and I kind of looked over, and maybe I could have counted five.

"Q. And you saw this pocketbook flop down on the other side of the bar, and he reached down and handed it back to you? A. Yes.

"Q. Could you see the pocketbook during any of the time after it was flopped over the bar until it was handed back to you? A. Yes, I looked over and saw it.

"Q. Where was it when you looked over and saw it? A. It was on the inside of the bar on the floor.

"Q. When did you look over the bar, before or after you spoke to Phil Williams and told him to hand it back to you? A. Well, I watched it right away. When the pocketbook flopped there I looked right away until he reached down and handed it over again. I never would have noticed, but I heard the flopping, and I said: 'Come on, I want this money back; I want this pocketbook.'

"Q. Did the defendant Phil Williams hand it to you directly after he picked it up, or was there a space of time? A. No, he kind of reached down like that (demonstrating) and came up and handed it over to me.

"Q. To the best of your judgment, then, you could have counted five? A. Yes, maybe five or ten; five anyhow.

"Q. When the defendant Lathrop asked you to change coats, what else did he say at the time, if anything? A. He didn't say much; he said, 'Let's see how your coat fits me'; he said, 'I think you and me are the same size'; and I didn't see, after he got that coat on, how he took it out, but I saw the pocketbook flop down.

"Q. You didn't see him with the pocketbook in his hand prior to the time you saw it going over the bar? A. No; I saw it the minute it flopped down."

In addition to this, the complaining witness testified that the pocketbook was handed to him by Williams and never left his possession thereafter to his knowledge.

It appears that after the incident related in the testimony of the complaining witness he went to another saloon, and there, in an intoxicated condition, was assisted to a chair by the bartender of the place. He

slept in the chair for several hours; on awakening, he attempted to buy a drink in the place, when for the first time discovered that his money was gone.

Section 6987 of our Revised Laws, applying to preliminary examinations, is as follows:

"If, however, it appears from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, the magistrate must make or indorse on the depositions and statement, an order signed by him to the following effect: 'It appearing to me by the within depositions and statement (if any), that the offense therein named (or any other offense according to the fact, stating generally the nature thereof) has been committed, and that there is sufficient cause to believe the within-named ....................... guilty thereof, I order that he be held to answer the same.' " (Rev. Laws, 6987.)

In the case of *In Re Kelly*, 28 Nev. 491, 83 Pac. 223, this court has held that in order to justify a magistrate in holding one accused, the evidence need not show guilt beyond a reasonable doubt. We subscribe to this rule as it has been generally stated by this and other courts. But neither this rule nor any other of which we are aware goes so far as to say that the committing magistrate may hold one accused to answer where no cause appears; and in the case at bar we find nothing, as we read the record, that might be termed sufficient cause to make it either reasonable or probable that the crime of larceny from the person was committed by the parties so charged. Indeed, the circumstances surrounding the incident in the Williams saloon were not even sufficient to arouse the suspicion of the complaining witness at the very time at which the incident took place. There is testimony in the record to show that several hours after the incident in the Williams barroom the complaining witness exhibited the pocketbook to a disinterested party, and that at that time it contained a number of bills; and at that time the complaining witness, according to the record, boasted of having $250 therein.

Taking the testimony in its entirety as it is presented to us in the record, it is our judgment that there is no reasonable or probable cause sufficient to hold these parties accused, or to deprive them of their liberty.

It is the order of the court that the writ prayed for be granted and perpetuated, and that Phil A. Williams and John E. Lathrop, in whose behalf the petition is laid before this court, be discharged.