[Crim. No. 271. Fourth Appellate District.—August 23, 1934.]

In the Matter of the Application of LOTTIE McCARTY for Writ of Habeas Corpus.

John G. Covert for Petitioner.

Clarence H. Wilson, District Attorney, for Respondent.

GRIFFIN, J., *pro tem.*—This is an original application for a writ of *habeas corpus* brought in this court seeking the discharge of petitioner upon the ground that the evidence produced at her preliminary examination did not show reasonable or probable cause that a crime had been committed by her.

The petitioner, together with one Fong Quong, were held to answer by the committing magistrate for the crime of murder alleged to have been committed in the county of Kings, on or about the eighth day of December, 1933.

Petitioner, of course, cannot, in these proceedings, test the sufficiency of the evidence to support a conviction. The sole question is whether the evidence introduced at the preliminary hearing was sufficient to justify the committing magistrate in holding the petitioner for trial in the superior court and whether the evidence adduced at the preliminary hearing would show reasonable or probable cause.

By "reasonable or probable cause" is meant such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion, that the person accused is guilty. The evidence must show that an offense has been committed and that there is probable cause to believe the defendant guilty. (*Ex parte Vice,* 5 Cal. App. 153 [89 Pac. 983]; *In re Mesquita,* 139 Cal. App. 91 [33 Pac. (2d) 459].) The term "probable" has been defined to mean "having more evidence for, than against, supported by evidence which inclines the mind to believe, but leaves room for doubt". (*Ex parte Heacock,* 8 Cal. App. 420 [97 Pac. 77].)

Section 872 of the Penal Code provides in part as follows: "If, however, it appears from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, the magistrate must make . . . an order," holding the defendant to answer to the superior court. This order must state generally the nature of the offense and its appearance of having been committed by the defendant.

There are many reasons why it is unnecessary, and indeed improper, to recite and comment on the evidence taken before the committing magistrate. It is not our province to weigh that evidence. (*In re Cordish,* 94 Cal.

App. 680 [271 Pac. 784].) In this case, as in most cases, the prosecution produced some evidence, but we cannot assume that it produced all of its evidence. The defense produced no evidence. If all of the People's evidence had been produced it still would be improper for us to express an opinion as a jury will later have to pass on the weight of the evidence. It will suffice for us to state that we have carefully examined the record before us and we are of the opinion that there is sufficient evidence to indicate, with reasonable probability, the probable guilt of petitioner, although it should be clearly understood that this court is not passing on nor endeavoring to pass upon the question of the sufficiency of the evidence to support a verdict of guilty.

Writ denied. Petitioner remanded.

Marks, Acting P. J., and Jennings, J., concurred.