[Crim. No. 3599. Second Dist., Div. Two. Sept. 30, 1942.]

THE PEOPLE, Appellant, v. CLARENCE JOSEPH NOVELL, Respondent.

Earl Warren, Attorney General, Frank Richards, Deputy Attorney General, John F. Dockweiler, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Appellant.

Robert A. Neeb, Jr., for Respondent.

WOOD (W. J.), J.—The People have appealed from an order of the superior court granting defendant's motion made under section 995 of the Penal Code to set aside the information which had been filed against him on the ground that he had been committed without reasonable or probable cause.

In a complaint filed in the court of the justice of the peace of Monrovia defendant was accused of the violation of subdivision 2 of section 337a of the Penal Code, in that on February 10, 1942, he unlawfully kept and occupied certain premises therein named with books, papers and paraphernalia for the purpose of recording and registering wagers upon the results of horse races. After receiving evidence at the hearing defendant was held to answer by the justice of the peace.

At the hearing before the committing magistrate C. H. Connor, a deputy sheriff, testified that he arrested defendant at his residence, 73 E. Palm Avenue in Monrovia, where he found utility bills from the gas and light companies made

out to defendant at this address; that defendant admitted that he had lived there for over three years; that the witness was at defendant's residence for about an hour, during which time the telephone rang at least six times. On several occasions the voices on the telephone asked for "Clarence," the first name of defendant; that on several of these occasions a man's voice asked for the results of the sixth race at the fairgrounds. One of the telephone callers asked the witness to give him "two to place on parlay to Lady Listo." During the presence of the witness at defendant's residence someone over the radio was announcing the results of the seventh horse race at Hialeah Park, giving the amounts which were to be paid on the winners. The witness qualified as an expert on the customs and usages of bookmakers and testified that he took from defendant a notebook of the kind customarily used by bookmakers in operating their business, giving information for bookmaking on all races being run on that day at the various race tracks; that he also took from the person of defendant a paper bearing on its face "Metropolitan Scratch Sheet," a paper which was customarily used by bookmakers and containing information concerning races running on that day at the various race tracks. Concerning the finding of this paper the witness testified: "Well, it was in the——this was crumpled in the hand of Mr. Novell as he raced from the breakfast room—in the hallway there,—I took it from his hand when I grabbed him." Concerning a conversation with defendant Officer Connor testified: "Well, at first, I said to him 'At least, you tried to do away with these records,' and he said, 'Yes.' I said, 'Are these all the records of today's events?' And he said, 'Yes.' I asked him, did he make all these records? And he said, 'Yes.' I asked him if his wife made any of the records, and he said that she did not make any of the records, 'she tried to get me to quit.' I said to him, 'then you are the only one who made these records?' He said, 'Yes,' she did not know much about this."

In passing upon a motion of the character of the motion by defendant the superior court is not to be guided by the rule for trials in criminal cases, that the defendant must be shown to be guilty beyond reasonable doubt; but rather the test is whether the evidence received by the committing magistrate fails to show reasonable or probable cause for believing the defendant to be guilty. The term, reasonable or probable cause, has been defined: "By 'reasonable or probable cause' is meant such a state of facts as would lead a man of ordi-

nary caution or prudence to believe, and conscientiously entertain a strong suspicion, that the person accused is guilty.'' (*In re McCarty*, 140 Cal. App. 473, 474 [35 P. (2d) 568].)

The term, probable, has been defined as meaning ''having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt.'' (*Ex parte Heacock*, 8 Cal. App. 420, 421 [97 Pac. 77].)

A mere statement of the testimony of Officer Connor compels the conclusion that defendant was not committed without reasonable or probable cause. No reasonable conclusion could have been reached by the committing magistrate other than that defendant should be held to answer and it was the duty of the superior court to place him upon trial. When compared with the evidence in other cases which have been passed upon by the reviewing courts of California arising from the violation of section 337a of the Penal Code, it must be held that the testimony of Officer Connor, if duly credited by a jury, would be sufficient to sustain a judgment of conviction. (*People* v. *Shapiro*, 40 Cal. App. (2d) 321 [104 P. (2d) 688]; *People* v. *Manning*, 37 Cal. App. (2d) 41 [98 P. (2d) 748]; *People* v. *Mason*, 37 Cal. App. (2d) 407 [99 P. (2d) 567]; *People* v. *Ryan*, 15 Cal. (2d) 492 [102 P. (2d) 320]; *People* v. *Newland*, 15 Cal. (2d) 678 [104 P. (2d) 778].)

At the time of the oral argument defendant presented a belated oral motion to dismiss the appeal, contending that the order should be affirmed for the reason that the phonographic reporter did not file a transcript of his notes within the time prescribed by the rules of the court and for the further reason that defendant was not served with a copy of the notice of appeal. The failure of the phonographic reporter to properly file his transcript does not deprive the court of jurisdiction of the appeal. (*People* v. *Megugorac*, 12 Cal. (2d) 208 [82 P. (2d) 1108].) Section 1239 of the Penal Code sets forth the steps to be taken by an appellant in a criminal case. The section does not make it the duty of the appellant to serve a copy of written notice of appeal. Defendant has not been prejudiced by the omission to serve him with a copy of the notice of appeal.

The motion to dismiss the appeal is denied. The order is reversed.

Moore, P. J., and McComb, J., concurred.