[Crim. No. 5579.   Second Dist., Div. Two.   May 10, 1956.]

THE PEOPLE, Respondent, v. FRANK SMITH, Appellant.

Cary G. Branch for Appellant.

Edmund G. Brown, Attorney General, and James L. Mamakos, Deputy Attorney General, for Respondent.

ASHBURN, J.—Convicted of possession of heroin in violation of section 11500, Health and Safety Code, defendant appeals from the judgment and an order denying motion for new trial. It was charged and proved that he had been convicted previously of violating the same code section and he was sentenced to state prison for the term prescribed by law. (Health & Saf. Code, § 11712.)

In support of the appeal counsel for appellant urges but one point, unlawful search and seizure.

On the morning of April 15, 1955, defendant was riding with one Earnest Derry who was driving his own automobile. At the intersection of Naomi and Adams Streets, in Los Angeles, the driver violated the Vehicle Code by failing to yield the right of way to another car; this was witnessed by Police Officers Hanks and DiSalvo; they followed the Derry car until it stopped in front of defendant's home near Washington and Naomi Streets. Officer Hanks testified that he did not know either of the men in the car before that morning. When the Derry car stopped, Officer Hanks went to the driver's side of the car to talk with him about the traffic violation. DiSalvo went to defendant, asked his name and where he lived. Receiving this information he wrote it on a card. So far there was no violation of any right of defendant. Interviewing a prospective witness was a normal procedure for the officer. (See *People* v. *Michael*, 45 Cal.2d 751, 754 [290 P.2d 852].) When Hanks started to talk to Derry he noticed some old hypodermic marks on his arms, "old needle punctures." He identified them as such on the basis of long experience and was told by Derry that "he was a user, but was not using at the present time"; the officer believed this. Reasoning that "if we had one person who was a user, I wanted to find out whether Mr. Smith was or was not a user," he approached defendant, who was on the sidewalk, and asked him if he was using narcotics. Defendant said that he was. Hanks asked him to roll up his sleeve and show his marks; this he did voluntarily, thereby revealing about eight fresh needle marks. The officer decided that defendant was using narcotics and placed him under arrest, searched him and found in the watch pocket of his trousers a paper containing heroin. The officer had no warrant of any kind and the heroin thus found is the crux of this appeal.

There is but one point of serious conflict in the evidence. Hanks said that defendant voluntarily rolled up his sleeve and exposed the fresh needle marks. Defendant testified that he did not do so; that he had on a long sleeved shirt and Hanks rolled up the sleeve without his permission and searched him without his consent. The officer's previous testimony, given at the preliminary hearing, contained passages calculated to impeach his trial testimony in this respect,

but the trial judge chose to believe that defendant voluntarily rolled up his sleeve for the officer. Thereby he merely resolved a conflict in the evidence. It was his function to assay the testimony, accept the true and reject the false. The question of whether a defendant has consented to a search is one of fact to be answered by the trial judge. (*People* v. *Gorg*, 45 Cal.2d 776, 782-783 [291 P.2d 469].) His finding, when supported by substantial evidence, as here, is binding on the appellate court.

So far as concerns the search of defendant's person, as distinguished from rolling his sleeve up, there was sufficient ground for such action in this instance regardless of any consent of defendant. ■ It is true that, when acting without a warrant, ''the search of defendant's person may be justified only if he was committing or attempting to commit an offense in the officer's presence (Pen. Code, § 836, subd. 1), or the officer had reasonable cause to believe he had committed a felony. (Pen. Code, § 836, subd. 5.)'' (*People* v. *Simon*, 45 Cal.2d 645, 648 [290 P.2d 531].) ■ ''Section 836, subdivision 3, provides that an officer may make an arrest without a warrant 'When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.' Defendant contends that to justify a search incident to an arrest under this subdivision there must be evidence, other than any turned up in the search, that a felony has in fact been committed. Such evidence is present in any case in which the officer has reasonable cause to believe defendant guilty of a felony. When his belief of defendant's guilt is based on reasonable cause and a felony has in fact been committed, not only are the requirements of subdivision 3 satisfied, but a search incident to an arrest thereunder is reasonable.'' (*People* v. *Boyles*, 45 Cal.2d 652, 655 [290 P.2d 535].) ■ Reasonable or '' [p]robable cause is a suspicion founded upon circumstances sufficiently strong to warrant a reasonable man in the belief that the charge is true.'' (*People* v. *Brite*, 9 Cal.2d 666, 687 [72 P.2d 122].) In *People* v. *Novell*, 54 Cal.App.2d 621, 623 [129 P.2d 453], the concept is thus defined : ''The term, reasonable or probable cause, has been defined : 'By ''reasonable or probable cause'' is meant such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion, that the person accused is guilty.' (*In re McCarty*, 140 Cal.App. 473, 474 [35 P.2d 568].)

"The term, probable, has been defined as meaning 'having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt.' (*Ex parte Heacock*, 8 Cal.App. 420, 421 [97 P. 77].)"

■ Officer Hanks testified that defendant told him he "was using them," "was using narcotics." This statement, coupled with the fresh needle marks, afforded sufficient ground for belief that defendant had been in possession of narcotics recently and thus had committed a felony (*cf. People* v. *Rios,* 46 Cal.2d 297, 298 [294 P.2d 39] ; *People* v. *Maddox,* 46 Cal.2d 301, 304 [294 P.2d 6]) and the officer had good ground for an immediate arrest. The search was closely related to the cause and fact of arrest and it is immaterial whether the arrest or the search occurred first (*People* v. *Simon, supra,* 45 Cal.2d 645, 648).

Defendant's own testimony was that the officer "asked me was I a user and I told him I was. I had been, and had just gotten out of jail but wasn't using at the present time." The fresh puncture marks then seen on his arm belied this claim that defendant's use of narcotics was in the past, and well might emphasize the officer's belief that defendant had committed a recent felony. The basis for arrest being present a search for narcotics was a normal incident thereto.

The trial judge impliedly found that the officer had reasonable cause for arrest and hence had good cause for search of the person. This is not a case in which an appellate court may properly interfere with the ruling.

Judgment and order affirmed.

Moore, P. J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 6, 1956.