[Crim. No. 5978. Second Dist., Div. One. Feb. 11, 1958.]

THE PEOPLE, Respondent, v. ERNEST JOHNSON, Appellant.

*Assigned by Chairman of Judicial Council.

Lionel Richman, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

FOURT, J.—The defendant herein was charged, in an information filed in Los Angeles County, with a violation of section 11500, Health and Safety Code, in that on or about January 2, 1957, he had in his possession a preparation of heroin. The information further set forth that the defendant had been convicted of a felony in January, 1950, in Alameda County and had served a term in prison therefor, and that he had been convicted of the crime of violation of section 11500, Health and Safety Code, a felony, in Los Angeles County in April, 1952, and had served a term in prison therefor. The defendant pleaded not guilty and denied the prior convictions. A trial by jury was waived, and by stipulation of counsel the plaintiff's case in chief was submitted on the transcript of the testimony taken at the preliminary hearing and the exhibits referred to therein. At the trial the defendant testified in his own behalf and stated under oath that he had been convicted of the prior felonies charged in the information, in

fact, that he had just been released from prison on the prior narcotics charge.

After the trial the judge found the defendant guilty as charged and found that it was true that he had twice previously been convicted of a felony. Defendant made an application for probation and a probation officer's report was ordered. At the time of sentence defendant's counsel requested the judge, "in the interest of justice," to strike the priors, to the end as he said, "give your Honor more discretion if he wants to give him County Jail time. If not, it will give the Department of Corrections a greater discretion in handling it. . . . He of course only had one bindle. . . ." The judge then struck the first prior felony conviction, denied the defendant's application for probation, and sentenced the defendant to the state prison.

This appeal is from the judgment of conviction.

The facts are substantially as follows: G. W. Beckman, a member of the Los Angeles Police Department, at about 8:20 o'clock p. m. on January 2, 1957, talked with an informer he had known for about four years. The informant, a user of narcotics, had been used by the officer previously and had given the officer reliable information upon which arrests had been made. The informant gave the officer the description of a man who was "dealing narcotics" a few minutes before their conversation. The informant stated that the man, who became the defendant herein, was wearing a grey hat with a black band and an orange shirt, that he limped, and that he was standing in front of the Morris Hotel, which was about a block away. The officer saw the defendant a few minutes thereafter in front of the hotel where he stayed for a short time and then started to walk away. The officer followed the defendant until he went into an alley-way, and then the officer maneuvered the police car with the bright lights on the defendant, got out of the car and told the defendant he was under arrest "for suspicion of narcotics."

The defendant was searched at once and in his right-hand coat pocket was found a white paper bindle. When shown the bindle the defendant was asked if he had any "more stuff" and the defendant replied that he did not have anything more, and said, "It is not anything anyway. It is a burn." The contents of the paper bindle contained a preparation of heroin. On cross-examination, the officer was asked by defendant's counsel if he knew that the Morris Hotel was "a very common

place for narcotics to be peddled," and the officer replied, "Yes."

Appellant contends that (1) the arrest was without a warrant and was not based upon reasonable cause; (2) the court erred in not requiring the officer to disclose the name of his informer, and (3) the court committed error in not excluding the evidence obtained at the time of the arrest.

Section 836, Penal Code, provides in part:

"A peace-officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person. . . . 5. At night, when there is reasonable cause to believe that he has committed a felony."

■ This court appropriately said, in *Trowbridge* v. *Superior Court*, 144 Cal.App.2d 13, at pages 17-18 [300 P.2d 222]:

"It is settled that reasonable cause to justify an arrest may consist of information obtained from others and is not limited to evidence that would necessarily be admitted at the trial on the issue of guilt. (Citing cases.)

"It was said in *People* v. *King*, 140 Cal.App.2d 1, 6 [294 P.2d 972]:

" ' "The term, reasonable or probable cause, has been defined: 'By "reasonable or probable cause" is meant such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion, that the person accused is guilty.' (*In re McCarty*, 140 Cal.App. 473, 474 [35 P.2d 568].)

" ' "The term, probable, has been defined as meaning 'having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt.' (*Ex parte Heacock*, 8 Cal.App. 420, 421 [97 P. 77].)" (*People* v. *Novell*, 54 Cal.App.2d 621, 623-624 [129 P.2d 453].)'

"Penal Code, section 836, provides as follows:

" 'A peace-officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person:

.   .   .   .   .   .   .   .   .   .   .   .

" '3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it. . . .'

"In the instant case there is nothing to indicate that the informer was unreliable, in fact, the exact opposite appears, namely, that the informer was reliable insofar as information given to the police was concerned.

"The informer told the policeman, about an hour before the arrest, that the defendant (describing her accurately) lived at a certain address and that it was her habit to keep marihuana in her apartment, and that a day or two previously the informer had seen marihuana in the apartment. The policeman was acquainted with the informer and used information supplied by the informer on two or three other occasions. It is difficult to see how the officer could have had much more information at his disposal under the circumstances, unless he, the officer, had personally observed the marihuana in the apartment.

"We are of the conclusion that the search and seizure following the arrest were legal and proper."

■ The informant in the present case had given reliable information to the officer during the last four years and had told the officer that a man wearing a grey hat with a black band, an orange shirt, and who limped, had been dealing in heroin a few minutes before while standing in front of the Morris Hotel which was about a block away, and which hotel was known by the officer as a common place for narcotics to be peddled. The officer went to the hotel where he saw the defendant and saw him limp when he walked. We believe the officer had reasonable and probable cause, based upon the description and information given him by the informant, to believe that the defendant was committing, or had committed the felonies of possession and sale of heroin.

■ In considering the appellant's second contention, a close reading of the transcript does not disclose that the defendant or his counsel ever asked or attempted to ask the officer the name of the informant. The only question asked of the officer with reference to the name of the informer was, "Was the informant known to you by a nickname such as Snake?" and the answer was, "No." Counsel for the defendant then said, "No further questions." It is self-evident that the officer was not asked the name of the informant, and the defendant cannot now be heard to complain because the name was not furnished him. Further, the informant did not participate in the crime as such, and the disclosure would not have aided the defendant.

■ Next considering appellant's last contention to the effect that it was error to receive the heroin in evidence. From what has heretofore been stated, it is apparent that there is no merit to such contention. (*Trowbridge* v. *Superior Court, supra,* 144 Cal.App.2d 13, 18-22.)

It was said in *People* v. *Winston,* 46 Cal.2d 151, at page 162 [293 P.2d 40]:

". . . While the Cahan case held that 'evidence obtained by police officers in violation of federal and state constitutional prohibitions against *unreasonable* search and seizure is inadmissible,' it did 'not purport to inhibit the right of law enforcement officers to conduct a *reasonable* search and seizure incident to a valid arrest.' (*People* v. *Coleman,* 134 Cal.App. 2d 594, 599 [286 P.2d 582]. . . .) It is further said in the Coleman case, pages 599-600: 'It is well settled that a search without a warrant is valid where it is incident to a lawful arrest, if it is reasonable and made in good faith; and that a seizure, during such a search, of evidence related to the crime is permissible. (Citing cases.) . . .' "

Judgment affirmed.

White, P. J., and Herndon, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.