[Crim. No. 6264. Second Dist., Div. Three. Dec. 23, 1958.]

THE PEOPLE, Respondent, v. WAYNE HERBERT OLSON, Appellant.

Wayne Herbert Olson, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

SHINN, P. J.—Appellant was convicted of the possession of marijuana, was placed on probation for five years upon condition that he serve 90 days in jail and he appeals from the judgment.

Appellant was represented by counsel at the trial; thereafter other counsel was substituted and later at his request appellant was substituted and he prosecutes the appeal in propria persona. Pursuant to stipulation, the action was tried upon the transcript of the evidence received at the preliminary examination. Appellant did not testify.

■ Appellant's first contention is that there was insufficient evidence to prove that he had knowledge that the cigarettes which were in his possession contained marijuana. The contention is not sustainable. There was ample evidence from which the court could infer that he had such knowledge.

It was shown by the evidence that the police received information that a part of a marijuana cigarette had been discovered in the sock of Olson while he was in the Tweedy Industrial Hospital for treatment. Police went to the hotel where appellant was staying; at their request appellant opened the door of his room; the officers entered and informed appellant that a physician at the hospital had informed them that a part of a marijuana cigarette had been found in his sock. Appellant then gave to the officers an account of the events that had led him into trouble: His home was in Washington; he had driven south in his Mack truck with a load of shingles; he met a man named George Juerek who sold him 12 marijuana cigarettes for $10; he and Juerek each smoked one and he, appellant, put the remaining 10 in the ash tray of his truck; he went to dinner at Juerek's home; he was bitten by Juerek's dog and went to the hospital for treatment; he had smoked a part of a cigarette to give him a "lift" and had put the remainder in his sock; he had previously smoked marijuana cigarettes. Appellant went with the officers to his truck, gave them the keys, they entered the truck and found 10 marijuana cigarettes in the ash tray. It is obvious that there was no reason to doubt upon this evidence that appellant knew the cigarettes contained marijuana.

■ The next contention is that appellant's arrest was unlawful and the search which unearthed the 10 cigarettes was illegal. The arrest was made not solely upon the information that had come from the physician but upon the additional information furnished by appellant by which he admitted having had possession of the cigarette, the remains of which had been discovered while he was in the hospital. The officers had reasonable cause to believe that appellant had committed a felony, namely, possession of marijuana. The search was closely related to and incidental to the arrest. (*People* v. *Smith*, 141 Cal.App.2d 399 [296 P.2d 913] ; *People* v. *Cicchello*, 157 Cal.App.2d 158 [320 P.2d 528].) Moreover, appellant consented to the inspection of his truck without any compulsion or insistence on the part of the officers. And no objection was made to the introduction in evidence of the cigarettes that were found in the truck.

Defendant's final contention is that he agreed that the case be tried upon the evidence elicited at the preliminary examination in one department of the court and that the case was thereafter transferred to another department, and later to a third department, where it was tried. He contends that this was an irregularity which warrants a reversal of the conviction for the reason that he may have been unwilling to waive a jury trial and to submit the case on the preliminary transcript if he had known that the case was to be tried in a department other than the one in which he had made the waiver. But he did not ask to be relieved from his stipulation in the department where he was tried nor object to a trial in that department. His objection made now for the first time cannot be considered.

The record discloses that appellant's truck in which he had invested $10,000 or more had been confiscated by the State. One cannot read the record without observing that the ends of justice would have been served better by utilizing the assistance of appellant to obtain evidence against the purveyor, Juerek. Little is accomplished by visiting the penalties of the law upon small offenders while the big ones are allowed to escape.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.