[Crim. No. 3046.   Third Dist.   Feb. 2, 1960.]

THE PEOPLE, Respondent, v. NORMAN HUTSON,
Appellant.

Hugh L. Preston, under appointment by the District Court
of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Lloyd Hinkelman, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—Norman Hutson was charged by information with three counts of burglary. After a jury trial he was found guilty on all three counts. His motion for a new trial was denied and judgment was pronounced. He has appealed from the order denying his motion for a new trial.

Appellant does not challenge the sufficiency of the evidence to sustain the convictions but bases his appeal upon two major contentions:

"1. The arrest made by Officer Thomas for vagrancy was illegal.

"2. Since the arrest was illegal, the search incident thereto was also illegal and the evidence obtained should not have been admitted."

Before discussing these contentions we shall summarize the evidence as shown by the record insofar as it is relevant to the arrest and the search.

Officer Thomas of the Ukiah Police Department observed appellant at 4 a. m. standing near a telephone pole close to the entrance of the Diamond Match Company. The Diamond Match Company is located in an area frequented by drunks and hobos and approximately one-half block from the railroad tracks. He noticed that appellant seemed to be observing him. The officer then saw a second man come out of the shadows and saw both men start to walk toward the railroad tracks. Appellant was carrying a brown burlap sack over his shoulder. The second man, one Cooper, was carrying a blue bag and a brief case. The officer stopped the two men. They told him that they were going to catch a fast freight out of town. Appellant told the officer that he lived in Ukiah, but he was unable to give the officer an address. Cooper gave an address but said he was leaving town because he was unable to pay his rent. The officer could not recall whether or not he asked the two men if they had any money. He testified that it was his impression "they were just a couple [of] hobos going through town, . . ." While talking to the men the officer observed a flashlight and an electric drill in the brief case. He then decided to take them in as vagrants "upon no lawful business in the street at late and unusual hours." After the men were booked the bags they were carrying were searched. The material found in the bags was identified as coming from

three business establishments which had been burglarized. While they were walking toward the police station, Cooper asked the officer if he had seen them carrying anything. The officer said, "No." Cooper informed the officer that he did not know what was in the bags they were carrying. Officer Thomas said, "What do you mean, you don't know what you're carrying?" Cooper stated, "Well, we found them." Officer Thomas then stated, "Well, are you in the habit of picking up things you find?" Cooper answered, "Yes, if we find them, we are."

Section 836, subdivision 1, of the Penal Code provides that a peace officer may make an arrest without a warrant, "Whenever he has reasonable cause to believe that the person to be arrested has committed a public offense in his presence."

In *People* v. *Fischer,* 49 Cal.2d 442 [317 P.2d 967], the court said at page 446:

"Probable cause for an arrest is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused. (*Bompensiero* v. *Superior Court,* 44 Cal.2d 178, 183 [281 P.2d 250]; *People* v. *Brite,* 9 Cal.2d 666, 687 [72 P.2d 122]; *Trowbridge* v. *Superior Court,* 144 Cal.App.2d 13, 17 [300 P.2d 222].) Probable cause may exist even though there may be some room for doubt. (*People* v. *Nagle,* 25 Cal.2d 216, 222 [153 P.2d 344]; *People* v. *Platt,* 124 Cal.App.2d 123, 130-131 [268 P.2d 529].) The court and not the officer must make the determination whether the officer's belief is based upon reasonable cause. (*People* v. *Burke,* 47 Cal.2d 45, 48 [301 P.2d 241]; *Willson* v. *Superior Court,* 46 Cal.2d 291 [294 P.2d 36]; *People* v. *Gorg,* 45 Cal.2d 776 [291 P.2d 469]; *People* v. *Boyles,* 45 Cal.2d 652 [290 P.2d 535].) The test in such case is not whether the evidence upon which the officer made the arrest is sufficient to convict but only whether the prisoner should stand trial."

And as stated in *People* v. *Jaurequi,* 142 Cal.App.2d 555, at page 559 [298 P.2d 896]:

"It is settled that reasonable cause to justify an arrest is not necessarily limited to evidence which would be admissible at the trial on the issue of guilt (*People* v. *Boyles,* 45 Cal.2d 652, 656 [290 P.2d 535]; *Willson* v. *Superior Court,* 46 Cal.2d 291, 294 [294 P.2d 36]). 'The term, reasonable or probable cause, has been defined: "By 'reasonable or probable cause' is meant such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain

a strong suspicion, that the person accused is guilty." (*In re McCarty*, 140 Cal.App. 473, 474 [35 P.2d 568].)

" 'The term, probable, has been defined as meaning "having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt." (*Ex parte Heacock*, 8 Cal.App. 420, 421 [97 P. 77].)' (*People v. Novell*, 54 Cal.App.2d 621, 623-624 [129 P.2d 453].)

"It was stated in *People* v. *Brite*, 9 Cal.2d 666, at page 687 [72 P.2d 122] : ' "Probable cause is a suspicion founded upon circumstances sufficiently strong to warrant a reasonable man in the belief that the charge is true." (Citing cases.) Reasonable or probable cause is a question of law, where there is no conflict to be decided by the court. (Citing cases.)'

"There is no formula for the determination of reasonableness. Each case is to be decided on its own facts and circumstances. (*Go-Bart Importing Co.* v. *United States*, 282 U.S. 344, 357 [51 S.Ct. 153, 75 L.Ed. 374].)"

Section 647 of the Penal Code, so far as here applicable, defines a vagrant as follows:

"3. Every person who roams from place to place without any lawful business; or,

" . . . . . . . . . .

"6. Every person who wanders about the streets at late or unusual hours of the night, without any visible or lawful business;..."

[■■] We think that the facts shown by the record in the instant case are sufficient to warrant the conclusion that there was justification for arresting appellant for the offense of vagrancy. The question to be determined is whether or not the police officer had reasonable and probable cause to make the arrest. The officer saw the two men walking toward the railroad tracks at 4 a. m. He thought that they were hobos. Appellant was carrying a brown burlap sack over his shoulder and Cooper was carrying a blue bag and a brief case. They told him they intended to catch a fast freight out of town. Appellant was unable to give the officer an address. Cooper said he was leaving town because he was unable to pay his rent. While talking to the men the officer observed an electric drill and a flashlight in the brief case. Upon observing appellant and Cooper on the street at a late and unusual hour, and appellant carrying a sack on his shoulder and Cooper in possession of a brief case containing among other things a new drill and flashlight, it was reasonable for the officer to conduct a further investigation. (*People* v. *Murphy*, 173 Cal.App.2d

367 [243 P.2d 273]; *People* v. *West,* 144 Cal.App.2d 214 [300 P.2d 729].) As stated in *People* v. *Murphy, supra,* at page 377, the court said:

". . . As stated in *People* v. *West, supra,* 144 Cal.App.2d 214, 220-221: 'Police officers are guardians of the peace and security of the community and are concerned with criminals in a complex society—" . . . and the efficiency of our whole system, designed for the purpose of maintaining law and order, depends upon the extent to which such officers perform their duties and are faithful to the trust reposed in them. Among the duties of police officers are those of preventing the commission of crime, of assisting in its detection, and of disclosing all information known to them which may lead to the apprehension and punishment of those who have transgressed our laws. . . . It is for the performance of these duties that police officers are commissioned and paid by the community. . . .'' (*Christal* v. *Police Com.,* 33 Cal.App.2d 564, 567 [92 P.2d 416].)' This court pointed out in *People* v. *Sanson,* 156 Cal. App.2d 250, 254 [319 P.2d 422], that 'the reasonableness of a search is not to be justified by what the search turns up "but by appearances to the searcher at the time of his action." So long as the officer reasonably evaluates these appearances and acts accordingly the rights of the accused are adequately safeguarded.' "

We conclude that the officer had reasonable and probable cause to arrest defendant; hence the subsequent search and seizure was reasonable, and the evidence which the officers uncovered was admissible. (*People* v. *Evans,* 175 Cal.App.2d 274 [345 P.2d 947]; *People* v. *Taylor,* 174 Cal.App.2d 448 [344 P.2d 837]; *People* v. *Murphy, supra.*) Furthermore, it was proper for the officers to search the bags because the police are under a duty to give the arrested person a receipt for the property taken from him. (Pen. Code, § 1412.) In order to give a receipt the officer would have to inventory the property.

The order denying appellant's motion for a new trial is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.